## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Civil Action Number:

JESUS GONZALEZ

      Plaintiff,

vs.

SOBARZO ENTERPRISES, INC.
d/b/a Sedano's #14, and
COLINDRES BUILDING, LLC

      Defendants.

_____/

### COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Sobarzo Enterprises, Inc. doing business as Sedano's #14 and Defendant Colindres Building, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.    Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## **PARTIES**

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).   Plaintiff is also a "tester" of public accommodations to determine whether they are in compliance with the ADA/ADAAG.

5.     Sobarzo Enterprises, Inc. (also referenced as "Defendant Sobarzo," "tenant," "operator," lessee" or "co-Defendant") is a Florida for profit corporation that owns and operates the Sedano's supermarket located at 1263 West Flagler Street, Miami Florida 33135 which is further identified as Sedano's #14 supermarket. On information and belief, Sobarzo Enterprises, Inc. is a wholly owned subsidiary of the Sedano's Supermarket chain which owns directly or indirectly all of the Sedano's brand supermarkets.

6.     Colindres Building, LLC (also referenced as "Defendant Colindres Building," "Lessor," "Owner," or "co-Defendant") is a Florida limited liability company which is the owner[1] of real property identified as Folio 01-4102-005-9460. This commercial property is one part of a three-section parcel of property located at 1255 – 1263 West Flagler Street, Miami Florida 33135.  This parcel one of three (1263 West Flagler Street) is built out as a supermarket and also contains a parking lot to services the supermarket. Parcel two of three (1255 West Flagler Street) is identified as Folio 01-4102-005-9462[2] and is built out as a multi-purpose commercial building which houses several retail stores and a

---

[1] The owner of this parcel of real property is listed within Miami Dade County Records as Colindres Building, Inc., however Sunbiz records show that Colindres Building, Inc. was consolidated into Colindres Building LLC in 2013 – therefore this property ownership is delineated as Colindres Building, LLC for this complaint.

[2] Ownership of Folio 01-4102-005-9462 is Colindres Building, LLC

restaurant. Parcel three of three is identified as Folio 01-4102-005-9470[3] and is utilized as a parking lot which is available for the general public and services the places of public accommodation within parcels one and two. The parking lot at Folio 01-4102-005-9470 is abutting the portion of parcel one Folio 01-4102-005-9460. Parcel one of this three-part real property block contains the Sedano's supermarket which is the subject of the instant action.

## FACTS

7.   On information and belief, Defendant Colindres Building leases a portion of its commercial property to co-Defendant Sobarzo who in turn has operated its Sedano's #14 supermarket within that leased space.

8.   The Sedano's supermarket chain is the nation's largest Hispanic retailer and largest Hispanic-owned supermarket chain. Headquartered in Miami-Dade County, Sedano's employs 3,000 associates and operates over 35 stores throughout Florida. Accordingly, the Sedano's #14 supermarket which is the subject of this action is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since it is a as a bakery, a grocery store and an "other" sales establishment. Sedano's #14 supermarket is also referenced as a "supermarket" or "place of public accommodation."

9.   At all times material hereto, Defendant Sobarzo was (and is) a company owning and operating the Sedano's supermarket located at 1263 West Flagler Street, Miami Florida which is open to the public. As the owner and operator of a supermarket which is open to the public, Defendant Sobarzo is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

---

[3] Ownership of Folio 01-4102-005-9470 is Colindres Building, LLC

10.     Due to the close proximity of family and friends in the area, Plaintiff went to the 1263 West Flagler Street Sedano's supermarket location, on January 25, 2022 with the intent of purchasing grocery items and testing the supermarket for compliance with the ADA/ADAAG..

11.     When Plaintiff went to the restrooms within the Sedano's supermarket, he found multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

12.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of that supermarket (Defendant Sobarzo) and by the owner/lessor of the commercial property which houses the supermarket (Defendant Colindres Building).

13.     On information and belief, Defendant Sobarzo is well aware of the ADA and the need to provide for equal access in all areas of its supermarket. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its supermarket is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14.     As the owner of commercial real property part of which is operated as a supermarket open to the public, Defendant Colindres Building is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Colindres Building is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its

commercial property by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16.     Plaintiff continues to desire to patronize and/or test the Sedano's supermarket located at 1263 West Flagler Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17.     Any and all requisite notice has been provided.

18.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## <u>COUNT I – VIOLATIONS OF TITLE III OF THE ADA</u>

19.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

21.   Prior to the filing of this lawsuit, Plaintiff personally visited Sedano's supermarket #14 in order to purchase groceries and test for compliance with the ADA/ADAAG. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom at the supermarket. Therefore, Plaintiff has suffered an injury in fact.

22.   Defendant Sobarzo (operator of the Sedano's ##14 supermarket) and Defendant Colindres Building (owner of the property housing the supermarket) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarket, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23.   Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at Sedano's supermarket #14.

24.   Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26.     Defendant Colindres Building's commercial property which is leased to Defendant Sobarzo is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.     As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating to the men's restroom, as the public men's restroom is located inside the supermarket's storage area, and the clear floor width requirements are not maintained within this route, which is required to be accessible for people in wheelchairs or using other mobility devices. The fact that the accessible route does not have the required clear width is a violation of Section 4.3.3 of the ADAAG which states "at least one accessible route shall connect accessible … spaces that on the same site" and Sections 403.5.1 of the 2010 ADA Standards for Accessible Design which state that the clear width of walking surfaces shall be 36 inches (915 mm) long minimum and 36 inches (915 mm) wide minimum.

ii.     As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), the men's accessible restroom

sign is mounted on the hinge side of the door, violating Section 4.1.3(16) and Section 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iii.   As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, §4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lbf (22.2 N). This is also a violation §604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with §404; specifically, §§404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground."

iv.   As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the stall area without assistance, as the required door clear width is not provided. The fact that the doorway opening does not have the required clear width is a violation of Section 4.13.5 of the ADAA which states that doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (Fig. 24 (a), (b), (c), and (d)). Openings more than 24 in (610 mm) in depth shall comply with 4.2.1 and 4.3.3 (Fig. 24 (e)).  This is

also a violation of Section 404.2.3 of the 2010 ADA Standards for Accessible Design which states that accessible entrances must be at least 32 inches in width.

v.   As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty entering the accessible stall without assistance, as the water closet is in front of the door. The fact that the accessible toilet compartment (stall) door is not located in partition or side wall farthest from water closet is a violation of Sections 4.17.5 and 4.13 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design. Section 4.17.5 states that toilet stall doors shall not impeded entry and must comply with the measurements delineated at Fig. 30 of this section. Further, the stall door must comply with Section 4.13 by providing a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (see Fig. 24(a), (b), (c), and (d) of Section 4.13). Section 604.8.1.2 states that clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum, and that doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition.

vi.  As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the accessible stall does not provide the required

clear floor space because the stall wall is encroaching over the accessible toilet compartment clear floor space for floor mounted water closets. This is a violation of Section 4.17.3 which states that the arrangement of the stall must comply with specification supplied in Figures within this Section, which the instant toilet compartment does not comply. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of 604.8.1.1 which states that wheelchair accessible compartments must be 60" wide and 56" deep for wall hung water closets and 59" deep for floor mounted water closets.

vii.   As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Sections 308.2.1 and 604.7 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

viii.  As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections

604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the secondary side wall to the center of the toilet.

ix. As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is missing. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface.

x. As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is missing. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface.

xi.   As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. This is in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. The subject toilet paper dispenser is in violation of these sections.

xii.   As to Defendant Sobarzo (lessee/operator) and Defendant Colindres Building (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because the lavatory pipes and water supply lines are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

27.   Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Sedano's #14 supermarket commercial space accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

28.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Colindres Building, LLC (owner and lessor of the commercial property) and Defendant Sobarzo Enterprises, Inc. (lessee and operator of the Sedano's #14 supermarket) and requests the following relief:

a)     The Court declare that Defendants have violated the ADA;

b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendants to alter the commercial property and the Sedano's supermarket #14 such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)     The Court award reasonable costs and attorneys fees; and

e)     The Court award any and all other relief that may be necessary and appropriate.

Dated this 7th day of February 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156

13

Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*